### FLEMING v. HOUSTON LIGHTING & POWER CO.

Motion No. 14488; No. 7621.

Supreme Court of Texas.

Oct. 30, 1940.

For original opinion, see 138 S.W.2d 520.

Fulbright, Crooker & Freeman, A. J. Lamonte, Robert L. Sonfield, and C. A. Leddy, all of Houston, for plaintiffs in error.

W. P. Hamblen, F. G. Coates, and Baker, Botts, Andrews & Wharton, all of Houston, for defendants in error.

Sewall Myer, City Atty., Vernon Coe and Will Sears, Asst. City Attys., all of Houston, Cantey, Hanger, McMahon, McKnight & Johnson and R. K. Hanger, all of Fort Worth, Wagstaff, Harwell, Douthit & Alvis, of Abilene, Burford, Ryburn, Hincks & Charlton, of Dallas, Brooks, Napier, Brown & Matthews, of San Antonio, Vinson, Elkins, Weems & Francis, of Houston, Kemp Lewright, Dyer, Wilson & Sorrell, of Corpus Christi, Woodul, Arterbury & Folk, of Houston, Crenshaw, Dupree & Milam, of Lubbock, Cox & Brown, of Temple, Marshall, Newcomb, of Dallas, and Looney & Clark, and Black, Graves & Stayton, all of Austin, amici curiæ.

HICKMAN, Commissioner.

The argument is pressed on motion for rehearing and by amici curiæ that the ordinance in question is in conflict with, and forbidden by, Article 7060, R.C.S.1925, as amended by sec. 3, part 4 of ch. 495 of the Acts of the 44th Legislature, 3rd Called Session, Vernon's Ann.Civ.St. art. 7060. That article increased the taxes on gross receipts required to be paid by gas, electric and water utilities and further amended Article 7060, by adding thereto the following: "No city or other political subdivision of this State, by virtue of its taxing power, police power or otherwise shall impose an occupation tax or charge of any sort for the privilege of doing business upon any person, corporation or association required to pay an occupation tax under this Article, provided that nothing in this Article shall be construed to prohibit the collection of any tax now imposed by a franchise, and provided further that this Article shall not affect any contracts now in existence or hereafter made between a city and the holder of a franchise."

Since we did not discuss that article in our original opinion, and since so much reliance is being placed thereon, we have concluded to make this statement with reference thereto: The ordinance did not impose a charge for the privilege of doing business. Evidence was offered upon the hearing that it would be possible for the Company to carry on its business within the City without the necessity of using its streets, alleys or other public ways.

We sustained the ordinance upon the ground that same imposed a charge in the nature of a rental. If that holding is correct, then the amendment above copied does not apply at all. The authorities recognize a distinction between a rental charge and a tax or charge for the privilege of doing business. It is clearly pointed out in the leading case of City of St. Louis v. Western Union Telegraph Co., 148 U.S. 92, 13 S.Ct. 485, 37 L.Ed. 380. The reply of plaintiffs in error to the argument of amici curiæ presents other reasons for the contention that the amendment has no application, one of which is the claim that same was unconstitutional, because not covered by the caption. We expressly do not pass on any of those contentions.

The motion for rehearing is overruled.

Opinion adopted by the Supreme Court.